IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 19-mj-1626** |
| **v.** | * | |
| | * | |
| | * | |
| **ROBERT M. RUMSBY** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| ************ | | |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on the defendant's Motion for Appropriate Relief (the "Motion") (ECF No. 35), the government's Opposition to Defendant's Motion for Appropriate Relief (ECF No. 36), and the defendant's Memorandum in Support of Motion for Appropriate Relief (ECF No. 37). The issues have been fully briefed, and no hearing is necessary. L.R. 105.6, 207. For the reasons stated below, the Motion is **DENIED**.

On January 22, 2020, the Court sentenced the defendant on the charge of Theft of Government Property, in violation of 18 U.S.C. § 641, to a term of probation of 18 months. The Court also sentenced the defendant to pay a fine in the amount of $5,000.00 and a special assessment of $25.00. The Court ordered that the defendant pay the fine and special assessment within six months. *See* Judgment (ECF No. 26). The Presentence Investigation Report ("PSR") prepared in anticipation of sentencing calculated a guideline fine range of $500.00 to $9,500.00. The PSR also reported that the defendant's total net worth was $914,511.00, which consisted of, *inter alia*, personal retirement accounts totaling $900,000.00. The defendant did not file an appeal of the Judgment.

In the Motion, because of financial hardship, the defendant requests that the Court waive the fine and special assessment or, in the alternative, convert these financial obligations to 100 hours of community service.[1]  In response, the government asserts that the Court does not have the legal authority to grant the requested relief.  The Court agrees with the government.

Under 18 U.S.C. § 3551(b), an individual found guilty of an offense shall be sentenced to a term of probation, a fine, or a term of imprisonment.  A sentence to pay a fine may be imposed in addition to any other sentence.  A person sentenced to pay a fine shall make such payment immediately, unless the court provides for payment on a date certain or in installments.  18 U.S.C. § 3572(d).  A sentence to pay a fine can subsequently be modified or remitted under 18 U.S.C. § 3573, corrected under Fed. R. Crim. P. 35 and 18 U.S.C. § 3742, or appealed and modified under 18 U.S.C. § 3742.  For all other purposes, a judgment that includes a sentence to pay a fine is a final judgment.  *Id.* § 3572(c).  The government has not filed a petition under § 3573 to remit all or part of the fine or defer its payment.  The defendant has not alleged an arithmetical, technical, or other clear error under Rule 35.  Finally, the defendant did not file a notice of appeal under § 3742. Therefore, the judgment, including the sentence to pay the fine, is a final judgment and not subject to modification for the reasons asserted by the defendant.

---

[1] The defendant argues that the Court ordered the payment of the fine as a condition of probation. Under 18 U.S.C. § 3563(c), a court may modify a condition of probation at any time prior to the expiration of the term of probation.  Indeed, the Court's directive that the defendant pay the fine and special assessment within six months is included on the Judgment under the section setting out additional conditions of probation.  The time and method of payment of a fine, however, are governed by 18 U.S.C. § 3572(d).  The time and method of payment of a fine are not explicit mandatory or discretionary conditions of probation under 18 U.S.C. § 3563(a) and (b), although, arguably, could be considered discretionary conditions of probation under § 3563(b)(22). Nonetheless, the defendant argues that the fine be waived in its entirety, not that its time and method of payment be modified.  Therefore, even if the time and method of payment of the fine could be considered discretionary conditions of probation subject to modification by the Court, the imposition and amount of the fine are not conditions of probation subject to modification under § 3563(c), but constitute a separate sentence under 18 U.S.C. § 3551(b).

## **ORDER OF COURT**

For the reasons stated above, it is this 19th day of April by the United States District Court for the District of Maryland hereby **ORDERED** that the Motion for Appropriate Relief is **DENIED**.

                                                                        /s/
                                            Thomas M. DiGirolamo
                                            United States Magistrate Judge